# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENZETTI, INC., <br> 6080 Grissom Parkway <br> Titusville, FL 32780 <br><br> Plaintiff, <br><br> v. <br><br> THE FLYSHACK, INC. <br> 1257 Sacandaga Road <br> West Charlton, NY 12010 <br><br> Defendant | Civil Action No. 08-cv-2986-MMB |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Fly Shack, Inc. ("Defendant"), through its undersigned counsel, responds to the Complaint of Plaintiff, Renzetti, Inc. ("Plaintiff") as follows:

1. Defendant denies any violation of the Patent and Trademark Laws of the United States -15 U.S.C. § 1114(1), § 32(2) of the Trademark Act of 1946, as amended. Defendant denies any violation of 15 U.S.C. § 1125(a), 43 of the Trademark Act of 1946, as amended. Defendant denies any infringement of a registered mark, false designation of origin and related claims of federal common law unfair competition. Defendant admits that the Complaint asserts a violation for 15 U.S.C. § 1114(1), § 32(2) of the Trademark Act of 1946, as amended. Defendant admits that the Complaint asserts a violation for 15 U.S.C. § 1125(a), 43 of the Trademark Act of 1946, as amended. Defendant admits that the Complaint asserts infringement

1

of a registered mark, false designation of origin and related claims of federal common law unfair competition.

## I. THE PARTIES

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint that Defendant is a New York corporation having a business address at 1257 Sacandaga Road, West Charlton, NY 12010 and is doing business in this judicial district. Defendant denies the allegations in paragraph 3 of the Complaint that Defendant has committed the complained of acts in this judicial district.

## II. JURISDICTION AND VENUE

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

## III. VIOLATION OF TRADEMARK LAWS

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint. Defendant alleges that Plaintiff's mark is functional.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

## COUNT I

### TRADEMARK INFRINGEMENT

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## COUNT II

### FALSE DESIGNATION OF ORIGIN

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## COUNT III

### UNFAIR COMPETITION

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant admits the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

## COUNT IV

## TRADEMARK MISAPPROPRIATION

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint and therefore denies the same.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

50. Defendant admits the allegations in paragraph 50 of the Complaint.

51. Defendant admits the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant admits the allegations in paragraph 56 of the Complaint.

## COUNT VI

57. Defendant admits the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint and therefore denies the same.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant admits the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

## COUNT VII

### TRADEMARK INFRINGEMENT

71. Defendant admits the allegations in paragraph 71 of the Complaint.

72. Defendant admits the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

## COUNT VIII

## FALSE DESIGNATION OF ORIGIN

78. Defendant admits the allegations in paragraph 78 of the Complaint.

79. Defendant admits the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

## COUNT IX

## UNFAIR COMPETITION

85. Defendant admits the allegations in paragraph 85 of the Complaint.

86. Defendant admits the allegations in paragraph 86 of the Complaint.

87. Defendant admits the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies the allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

## COUNT X

## TRADEMARK MISAPPROPRIATION

95. Defendant admits the allegations in paragraph 95 of the Complaint.

96. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 96 of the Complaint and therefore denies the same.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

## COUNT XI

## PATENT INFRINGEMENT

100. Defendant admits the allegations in paragraph 100 of the Complaint.

101. Defendant admits the allegations in paragraph 101 of the Complaint.

102. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 102 of the Complaint that Plaintiff is the assignee of the entire right, title and interest in U.S. Patent Number 5,169,079 and therefore denies the same. Defendant admits the remaining allegations in paragraph 102 of the Complaint.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 103 of the Complaint and therefore denies the same.

104. Defendant admits the allegations in paragraph 104 of the Complaint.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Any remaining allegations in the Complaint that are not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

### DEFENSE I

### FUNCTIONAL – 15 U.S.C. § 1115(8)

110. Defendant alleges that the Bent Shaft trade dress of U.S. Trademark Registration No. 2,535,148 and/or U.S. Trademark No. 2,037,995 is functional.

111. Defendant alleges that the Bent Shaft trade dress of U.S. Trademark Registration No. 2,535,148 and/or U.S. Trademark No. 2,037,995 allows a user to work on the full practical range of hook sizes.

112. Defendant alleges that the Bent Shaft trade dress of U.S. Trademark Registration No. 2,535,148 and/or U.S. Trademark No. 2,037,995 allows alignment of the shank of larger hooks coaxially with the axis of the rotatable shaft.

### DEFENSE II

### GENERICNESS

113. Defendant alleges that Plaintiff mark True Rotary of U.S. Trademark Registration No. 2,551,441 has become generic.

114. Defendant alleges that true rotary has come to mean a class of rotary vises that rotate the fly 360 degrees keeping the shank of the hook in the center of the rotating axis of the vise.

115. Defendant alleges that true rotary vises allow the user to hold material and turn the vise to apply the material instead of wrapping the material around the hook.

116. Defendant alleges that the true rotary is used as a generic term in the fly fishing sport industry.

## DEFENSE III

## FAIR USE IN GOOD FAITH – 15 U.S.C. § 1115(b)(4)

117. Defendant alleges that Defendant does not use of the term true rotary as a mark.

118. Defendant alleges that Defendant fairly and in good faith uses the term true rotary to describe the Defendant's goods.

119. Defendant alleges that others in the fly fishing sport industry use true rotary to describe their goods.

## DEFENSE IV

## FAILURE TO MARK – 35 U.S.C. § 287

120. Defendant alleges that Plaintiff has failed to fix the word "patent" or the abbreviation "pat.", together with the patent number 5,169,079, on the article or article packaging.

121. Defendant alleges that any damages for alleged infringement may only be recovered after notice to Defendant.

## DEFENSE V

## INVALIDITY AND NON-INFRINFRINGEMENT

122. Defendant alleges that U.S. Patent No. 5,169,079 ("'079 Patent") is invalid and/or non-infringed under 35 U.S.C. § 1 et seq.

**WHEREFORE**, Defendant seeks judgment in its favor and against Plaintiff on its Answer and Affirmative Defenses as follows:

a.  That Plaintiff is not entitled to relief and/or damages sought in the Complaint.

b.  Granting Defendant's costs and attorney's fees in this action pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54.

c.  Awarding Defendant damages, plus interest thereon.

d.  Granting such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Richard D. Gallucci, Jr.
Richard D. Gallucci, Jr. (82393)
**SPECTOR GADON & ROSEN, P.C.**
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
(215) 241-8888 (Main)
(215) 241-8844 (Fax)

Of Counsel:

Arlen L. Olsen, Esquire
SCHMEISER, OLSEN & WATTS LLP
22 Century Hill Drive, Suite 302
Latham, NY 12110
(518) 220-1850
(518) 220-1857 fax

Attorneys for Defendant
The FlyShack, Inc.

July 28, 2008

# CERTIFICATE OF SERVICE

I, Richard D. Gallucci, Jr., Esquire, hereby certify that on July 28, 2008, I served a copy of Defendant's Answer and Affirmative Defenses in this matter upon the following via electronic filing and first class mail:

**Eugene E. Renz, Jr.**
**Eugene E. Renz Jr., P.C.**
**205 North Monroe Street**
**P.O. Box 2056**
**Media PA 19063**

*Attorneys for Plaintiff*

/s/ Richard D. Gallucci Jr.
Richard D. Gallucci, Jr.